IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:18-cv-1197-S |
| KINGMAN HOLDINGS, LLC and GAYNELLE IHMS, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ocwen Loan Servicing, LLC ("Ocwen") brought an action before this Court against Defendants Kingman Holdings, LLC and Gaynelle Ihms. *See* Dkt. No. 1. Defendant Kingman Holdings, LLC has since filed its answer, *see* Dkt. No. 6, but Defendant Gaynelle Ihms has not appeared through counsel or filed an answer within the Court's established time limit. Ocwen filed a Motion for Default Judgment against Defendant Ihms, *see* Dkt. No. 14, and United States District Judge Karen Gren Scholer referred the motion to the undersigned magistrate judge for recommendation, *see* Dkt. No. 16.

Ocwen sought a default judgment against Ihms that would allow for the foreclosure of Ihms' interest in a disputed property and the award of court costs and attorneys' fees. On January 31, 2019, the Court accepted the undersigned's recommendation to deny Plaintiff's Motion for Default Judgment [Dkt. No. 14] for

-1-

failure to demonstrate that Defendant Ihms was in default under Texas Rules of Civil Procedure Rule 735. *See* Dkt. No. 31.

Ocwen then filed an Amended Motion for Default Judgment [Dkt. No. 27]. Upon review, the undersigned recommends that the Court grant the motion.

## Background

Prior orders have documented the background of this case. *See* Dkt. No. 26. The information is repeated here for reference.

The instant case turns on the ownership status of Unit 317, located at 6255 W. Northwest Highway, Dallas, Texas ("the Property"). *See* Dkt. No. 1 at 2. Ten parties were associated with the Property during the time frame in question. *See id.* at 3-5. But only three are relevant to the Amended Motion for Default Judgment: Defendant Gaynelle Ihms, the party who originally took out a mortgage on the Property; Plaintiff Ocwen Loan Servicing, the Property's mortgage servicer; and Defendant Kingman Holdings, LLC, a party who later purchased the Property from the foreclosure purchaser. *See id.*

In 2005, Defendant Ihms entered into a mortgage agreement with Ameriquest Mortage Company. *See id.* at 3. Ihms excuted a Note in Ameriquest's favor and granted the company a first lien on the Property. *See id.* Ameriquest then sold the Security Interest to Deutsche Bank, which enlisted Ocwen to serve as the mortgage servicer. *See id.*

The Property itself was a part of the Preston Place Condominium Association.

*See id.* The Association's Declarations and Covenants compelled each owner to pay the Association assessment fees – and the failure to do so would allow the Association to recover the fees through a foreclosure sale. *See id.*

In 2011, Defendant Ihms conveyed her interest in the Property to Bormio Investments, Inc., which then later conveyed the Property to Fortezza Enterprises, Inc. *See id.* at 4. Fortezza then defaulted on the fees owed to the Association in 2015, which led the Association to file a lien against the property and institute a foreclosure sale. *See id.* A company named Northwest Highway 6255 Land Trust bought the Property at the foreclosure sale and subsequently conveyed it to Defendant Kingman Holdings. *See id.*

Separately, in 2010, Defendant Ihms defaulted on her original loan, that Ocwen was servicing. *See id.* at 5. Ocwen allegedly sent Ihms a Notice of Default and Request to Cure, to which she failed to respond. Ocwen allegedly then sent notice that the debt had been accelerated. *See id.*

On March 3, 2017, the entire Preston Place Condominium building was destroyed by a fire. *See id.* at 4. The collective owners elected to terminate the Association and sell the site to Provident Preston Place, LLC for $18,250,000. *See id.* at 5. Under the agreement, any sale proceeds would be distributed to release any first lien mortgage on any unit in the original building. *See id.*

Ocwen now seeks in this case to assert (1) that Deutsche Bank's lien interest in the Property is valid and (2) that Defendant Kingman took the Property subject to

-3-

Deutsche Bank lien interest. *See id.* Further, Ocwen seeks a judgment for foreclosure against Ihms, allowing it to foreclose on the Property under the Security Instrument. *See id.*

But, because of Ihms's failure to appear and respond to Ocwen's complaint, Ocwen filed a Motion for Default Judgment against Defendant Ihms, seeking an order allowing it to foreclose on her interest in the Property.

On January 31, the Court accepted the undersigned's recommendation to deny Plaintiff's Motion for Default Judgment [Dkt. No. 14] for failure to demonstrate that Defendant Ihms was in default under Texas Rules of Civil Procedure Rule 735. *See* Dkt. No. 31.

Ocwen then filed its Amended Motion for Default Judgment [Dkt. No. 27] currently before the Court.

**Legal Standards**

Under Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action,

the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See* FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013) (quoting *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *See Arch Ins. Co.,* 2013 WL 145502, at *2-*3 (quoting *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893. The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).

Federal Rule of Civil Procedure 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

A default causes all well-pleaded allegations of fact related to liability to be deemed admitted. *See Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002).

Although the Court must accept these facts as true, the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted. *See Nishimatsu*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered …. [D]espite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

## Analysis

Ocwen seeks a default judgment against Defendant Ihms that would allow for the foreclosure of Ihms' interest in the Property and the award of court costs and attorneys' fees. The undersigned concludes that Ocwen satisfied all elements for a judicial foreclosure, that the claim for judicial foreclosure would meet the pleading requirements under Rule 8, and that Ocwen has shown that it is entitled to the subsumed breach of contract claim in its judicial foreclosure claim. As such, the Court should grant the Amended Motion for Default Judgment.

I.  Satisfying All Elements for Judicial Foreclosure

In response to the first motion, the undersigned noted that, despite having met all the procedural requirements for a default judgment, Ocwen had not established that it is entitled to judicial foreclosure because it failed to satisfy all four elements that Texas courts have required for a party pursuing judicial foreclosure – specifically "'that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and acceleration.'" *Id.* 7-8

(quoting *Weeks v. Green Tree Servicing LLC*, No. 4:15-cv-588-O-BP, 2017 WL 4325797, at *7 (N.D. Tex. Sept. 11, 2017)). The undersigned noted that Ocwen's complaint supported the first, third, and fourth elements with well-pleaded allegations:

- "As part of the loan agreement, Ihms also executed a Texas Home Equity Security Instrument (First Lien) which granted Ameriquest a first lien interest on the Property";

- "Ihms has defaulted on her obligations under the terms of her loan agreement. The loan agreement is currently due for the July 1, 2010 [sic] payment and all subsequent monthly payments"; and

- "[n]otice of default and request to cure was mailed to Ihms in accordance with the Loan Agreement and the Texas Property Code. The default was not cured, and the maturity of the debt is hereby accelerated."

Dkt. No. 1 at 3-5.

But Ocwen's complaint did not adequately support the second requirement with well-pleaded allegations that the debt was secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution. *See* Dkt. No. 14.

In its Amended Motion for Default Judgment, Ocwen offers a certified copy of the security instrument to satisfy the element. *See* Dkt. No. 27, Ex. B. Ocwen argues that security instrument expressly states that "THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XIV OF THE TEXAS CONSTITUTION." Dkt. No. 27 at 4. As such, Ocwen asserts that "all conditions precedent to Ocwen's right to enforce the Note and Security

Instrument and to obtain the judgment for the judicial foreclosure requested herein have been performed or have occurred." *Id*.

While the undersigned agrees that Ocwen has satisfied the elements in seeking a remedy of judicial foreclosure, what Ocwen pleaded was exactly that – a remedy. As noted in the December 14, 2018, Findings, Conclusions, and Recommendation, a "judicial foreclosure is a remedy rather than a cause of action," so the question remains as to whether Ocwen even pleaded a valid cause of action. Dkt. No. 26 at 10 (internal citations omitted).

II.  Whether Judicial Foreclosure is a Viable Claim

In Ocwen's Complaint under the heading "Cause of Action – Judicial Foreclosure,"

> Ocwen asserts a cause of action for judicial foreclosure against Ihms. Ocwen, as servicer and attorney-in-fact for the current legal owner and holder of the Note and the mortgagee of record, has the right to enforce the Note and Security Instrument. Ocwen has fully performed its obligations under the Loan Agreement; however, Ihms did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).
>
> Ocwen seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code [S]ection 51.002, or alternatively a judgment for judicial foreclosure.

Dkt. No. 1 at 8.

Under similar circumstances in *U.S. Bank National Association v. Ross*, the plaintiff filed a complaint against the defendants, pleading "judicial foreclosure" as its cause of action. No. CV H-15-2385, 2017 WL 2730769, at *1 (S.D. Tex. June 26, 2017).

Defendants were served with process and failed appear or answer the complaint. *Ross*, 2017 WL 2730769, at *1*. Plaintiff filed a motion for default judgment seeking declaratory judgment to foreclose on the Property. *See id.*

The court in *Ross* found that the plaintiff had "not raised a viable claim for which the court [could] grant [the defendant] judicial foreclosure" and denied the motion for default judgment." *Id.* at *2.

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 [] (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 [] (1957)). In the complaint, [the plaintiff] pleads "judicial foreclosure" as its cause of action. Dkt. 1 at 5. However, judicial foreclosure is a remedy rather than a cause of action. *See In re Erickson*, 566 Fed. Appx. 281, 284 (5th Cir. 2014) (unpublished) (holding that the lender "had a right to pursue judicial foreclosure as a remedy"). To be entitled to relief, [the plaintiff] could have pled a cause of action such as breach of contract or breach of promissory note. *See, e.g., Bazan v. JPMorgan Chase Bank*, 7:13-CV-433, 2014 WL 12531349, at *1 (S.D. Tex. June 19, 2014) (Alvarez, J.) (holding that a lender was entitled to judicial foreclosure after the lender established the borrower's breach of contract).

*Id.* at *1.

Similarly, the court in *HSBC Bank USA, National Association v. Soria*, when faced with a motion for default judgment, also determined that a cause of action of judicial foreclosure was not a viable claim. No. CV H-17-2174, 2018 WL 461112, at *3 n.1 (S.D. Tex. Jan. 17, 2018).

> In its complaint, [the plaintiff] pleads "judicial foreclosure" as its cause of action. Dkt. 1 at 5. However, judicial foreclosure is a remedy rather than a cause of action. *See In re Erickson*, 566 Fed. Appx. 281, 284 (5th Cir. 2014) (unpublished) (holding that the lender "had a right to pursue

> judicial foreclosure as a remedy"); *U.S. Bank Nat'l Ass'n. v. Ross*, No. H-15-2385, 2017 WL 2730769, at *1 (S.D. Tex. June 26, 2017) (Miller, J.) ... [As pled, Plaintiff] did not plead a viable claim as is required under Rule 8(a). Fed. R. Civ. P. 8(a).

*Id.*

But a majority of courts outside of the *Soria* and *Ross* decisions appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded. A court in this district has held that, although a party "does not expressly identify its breach of contract claim in [a] motion[] for summary judgment, its claim is subsumed with its motion requesting judicial foreclosure." *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3403-L-BH, 2018 WL 7266516, at *14 (N.D. Tex. Dec. 6, 2018), *report and recommendation adopted,* No. 3:16-CV-3403-L, 2019 WL 156264 (N.D. Tex. Jan. 10, 2019); *see also Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Home Equity Loan Tr. 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 v. Newman*, 9:15-cv-127, 2017 WL 3699760, at *3 (E.D. Tex. July 20, 2017), *recommendation adopted by* 2017 WL 3676820 (E.D. Tex. Aug. 24, 2017) (noting that a party's judicial foreclosure claim was a "meritorious cause of action," based upon the opposing party's actions in breaching its contract); *Deutsche Bank Nat'l Tr. Co. v. Mullennix*, No. 4:16CV207-ALM-KPJ, 2017 WL 4172157, at *1 (E.D. Tex. Aug. 31, 2017), *report and recommendation adopted sub nom. Deutsche Bank Nat'l Tr. Co. for Soundview Home Loan Tr. 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3 v. Mullennix*, No. 4:16CV207-ALM-KPJ, 2017 WL 4168999 (E.D. Tex. Sept. 20, 2017) (granting the plaintiff's request for a declaratory judgment where "[t]he amended

complaint asserts claims for foreclosure and breach of contract, and seeks a declaration from the Court allowing [the plaintiff] to enforce its lien against the Property through foreclosure"); *Pittman v. Seterus, Inc.*, No. 3:14-cv-3852-M (BF), 2016 WL 4791926, at *3 (N.D. Tex. Jan. 8, 2016) (analyzing a judicial foreclosure claim using traditional breach-of-contract elements); *Khoung v. Wilmington Sav. Fund Soc'y, FSB*, No. 417CV00494ALMCAN, 2018 WL 4608603, at *8 n.7 (E.D. Tex. Sept. 7, 2018), *report and recommendation adopted*, No. 4:17-CV-494, 2018 WL 4599551 (E.D. Tex. Sept. 25, 2018) (noting and following the trend toward granting judicial foreclosure claims "based on traditional breach of contract elements"); *McElroy v. HSBC Bank USA, Nat'l Ass'n as Tr. for Nomura Home Equity Loan, Inc.*, No. 4:17-CV-806-ALM-CAN, 2018 WL 5660318, at *9 (E.D. Tex. Oct. 1, 2018), *report and recommendation adopted*, No. 4:17-CV-806, 2018 WL 5636161 (E.D. Tex. Oct. 31, 2018) (granting a defendant's Motion for Summary Judgment on its counterclaim for judicial foreclosure).

These courts have read the *Bazan v. JPMorgan Chase Bank* citation quoted from *Ross* to support this determination. *See Easterling*, 2018 WL 7266516, at *14.

> *U.S. Bank Nat'l Ass'n v. Ross*, CV H-15-2385, 2017 WL 2730769, at *1 (S.D. Tex. June 26, 2017) ("However, judicial foreclosure is a remedy rather than a cause of action. To be entitled to relief, U.S. Bank could have pled a cause of action such as breach of contract or breach of promissory note.") (citing *Bazan v. JPMorgan Chase Bank*, 7:13-CV-433, 2014 WL 12531349, at *1 (S.D. Tex. June 19, 2014) (holding that a lender was entitled to judicial foreclosure after the lender established the borrower's breach of contract)). Defendant provides summary judgment evidence to establish each element for its breach of contract counterclaim.

*Id.*

Here, although Ocwen seeks to assert a remedy as a cause of action, the undersigned follows the decisions in *Easterling*, *Pittman*, *Khoung*, and *McElory* to recommend that the Court find a breach of contract claim subsumed in the pleaded judicial foreclosure claim and that such a reading would satisfy the pleading requirements under Rule 8(a). *See* FED. R. CIV. P. 8(a).

III.　Breach of Contract Claim

Turning, then, to whether the breach of contract claim (styled as a judicial foreclosure claim) would be meritorious,"[i]n Texas, [t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks omitted). "A breach occurs when a party fails to perform a duty required by the contract." *Id.* (internal quotation marks omitted).

Here, "Deutsche Bank is the owner of the Note and beneficiary of the Deed of Trust," that was transferred from Ameriquest Mortgage Company to Deutsche Bank. Dkt. No. 1 at 3. "Ocwen is the servicer and attorney-in-fact for Deutsche Bank with respect to the loan." *Id*. Ocwen alleges that Ihms "defaulted on her obligations under the terms of her loan agreement. The loan agreement is currently due for the July 1, 2010[,] payment and all subsequent monthly payments. Notice of default and request to cure was mailed to Ihms in accordance with the Loan Agreement and the Texas

Property Code. The default was not cured and the maturity of the debt [was] accelerated." *Id*. at 5. Ocwen asserts that it "fully performed its obligations under the Loan Agreement; however, Ihms did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others)." *Id*. at 8.

Ocwen presented a copy of the Deed of Trust that Ihms signed but failed to present a copy of the Note or a declaration attesting that (1) either document was authentic, (2) Ocwen had sufficiently performed, or (3) Ihms was in default. But, under the Federal Rules of Civil Procedure Rule 8(b)(6), "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." FED. R. CIV. P. 8(b)(6).

As such, taking Ocwen's claims to be true, Ocwen has satisfied the elements of a breach of contract in showing that (1) there was a valid contract in the form of an executed promissory note; (2) that Ocwen fully performed under the promissory note; (3) that Ihms failed to perform in paying under the loan agreement; and (4) Ocwen sustained damages for the unpaid payments as a result of the breach. *See* Dkt 1 at 1-8. Accordingly, Ocwen pleaded a meritorious breach of contract claim.

In sum, Ocwen having satisfied all elements for a judicial foreclosure and having shown that its claim for judicial foreclosure would meet the pleading requirements under Rule 8 and that it is entitled to relief on the subsumed breach of contract claim in its judicial foreclosure claim, the Court should grant Ocwen's Motion for Default Judgment.

## Recommendation

For these reasons, the Court should grant Plaintiff's Amended Motion for Default Judgment [Dkt. No. 27].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE