IIN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVIING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1197-S |
| | § | |
| KINGMAN HOLDINGS, LLC and | § | |
| GAYNELLE IHMS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ocwen Loan Sevicing, LLC ("Ocwen") filed an Amended Motion for Summary Judgment [Dkt. No. 49]. Kingman Holdings, LLC ("Kingman") filed a response, *see* Dkt. No. 58, and Ocwen filed a reply, *see* Dkt. No. 59.

United States District Judge Karen Gren Scholer has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 53.

For the reasons explained below, the Court should grant Ocwen's Amended Motion for Summary Judgment [Dkt. No. 49].

**Background**

The Court has previously explained the background of this case. *See* Dkt. No. 26. The information is repeated here for reference and is supplemented with information relevant to the issues now presented before the Court.

This case concerns the ownership status of Unit 317, located at 6255 W. Northwest Highway, Dallas, Texas ( the "Property"). *See* Dkt. No. 1 at 2. Ten parties were associated with the Property during the time frame in question. *See id.* at 3-5. But only three are relevant to the current motion: Defendant Gaynelle Ihms, the party who originally took out a mortgage on the Property; Plaintiff Ocwen Loan Servicing, the Property's mortgage servicer; and Defendant Kingman Holdings, LLC, a party who later purchased the Property from the foreclosure purchaser. *See id.*

In 2005, Defendant Ihms entered into a mortgage agreement with Ameriquest Mortage Company. *See id.* at 3. Ihms excuted a Note in Ameriquest's favor and granted the company a first lien on the Property. *See id.* Ameriquest then sold the Security Interest to Deutsche Bank, which enlisted Ocwen to serve as the mortgage servicer. *See id.*

The Property itself was a part of the Preston Place Condominium Association (the "Association"). *See id.* The Association's Declarations and Covenants compelled each owner to pay the Association assessment fees – the failure of which would allow the Association to recover such fees through a foreclosure sale. *See id.*

In 2011, Defendant Ihms conveyed her interest in the Property to Bormio Investments, Inc., which then later conveyed the Property to Fortezza Enterprises, Inc. *See id.* at 4.

Fortezza then defaulted on the fees owed to the Association in 2015, which led the Association to file a lien against the property and institute a foreclosure sale. *See id.* A company named Northwest Highway 6255 Land Trust bought the Property at

the foreclosure sale and subsequently conveyed it to Defendant Kingman Holdings. *See id.*

Separately, in 2010, Defendant Ihms defaulted on her original loan payment that Ocwen was servicing. *See id.* at 5. Ocwen sent Ihms a Notice of Default and Request to Cure, to which she failed to respond. *See* Dkt. No. 50 at 5. On November 1, 2010, Ocwen sent notice to Ihms that the debt had been accelerated. *See* Dkt. No. 58-1 at 67. Ocwen also sent a notice of acceleration in 2012. *See* Dkt. No. 50 at 5. Ocwen then sent Ihms billing statements seeking payment of amounts less than the total accelerated debt between November 29, 2013, and May 19, 2014. *See id.*; *see also* Dkt. No. 51 at 52-62.

On January 5, 2015, Ihms and Fortezza filed suit against Deutsche Bank in this district court, requesting a declaratory judgment stating that Deutsche Bank's security instrument is null and void, alleging that the statute of limitations expired four years after the 2010 acceleration. *See id.* at 6. The Court granted summary judgment against Ihms and Fortezza, finding that Deutsche Bank abandoned any acceleration by subsequently sending billing statements that sought less than the full accelerated amount. *See id.; Ihms v. Deutsche Bank Nat'l Tr. Co.*, No. 3:15-cv-1078-K (BF), 2016 WL 4536578 (N.D. Tex. Aug. 9, 2016), *rec. adopted*, 2016 WL 4525038 (N.D. Tex. Aug. 30, 2016) (*Ihms I*).

On March 3, 2017, the entire Preston Place Condominium building was destroyed by a fire. *See* Dkt. No. 1 at 4. The collective owners elected to terminate the Association and sell the site to Provident Preston Place, LLC for $18,250,000. *See id.*

at 5. Under the agreement, any sale proceeds would be distributed to release any first lien mortgage on any unit in the original building. *See id.*

Ocwen asserts that (1) Deutsche Bank's lien interest in the Property is valid, and (2) Defendant Kingman took the Property subject to Deutsche Bank lien interest. *See id.* And Ocwen sought a judgment for foreclosure against Ihms, allowing it to foreclose on the Property in accordance with the Security Instrument. *See id.*

Because of Ihms's failure to appear and respond to Ocwen's complaint, Ocwen filed an Amended Motion for Default Judgment against Defendant Ihms, seeking an order allowing it to foreclose on her interest in the Property. On May 23, 2024, the Court accepted the undersigned's recommendation to grant Ocwen's Amended Motion for Default Judgment [Dkt. No. 27], allowing Ocwen to proceed with foreclosure. *See* Dkt. No. 46.

Owen then filed its Amended Motion for Summary Judgment [Dkt. No. 49], which is currently before the Court.

### Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc);

*accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190,

1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at \*10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.   Ocwen is Entitled to Summary Judgment Because Res Judicata Bars Kingman <u>from Relitigating the Statute of Limitations Defense</u>

Ocwen seeks a declaratory judgment stating that Deutsche Bank has a valid lien against the Property and that its lien is superior to the interests of Kingman and the Association. *See* Dkt. No. 50 at 6. The parties do not dispute that Deutsche Bank's lien was senior to the Association's assessment lien through which Kingman acquired the property. *See* Dkt. No. 58 at 3. And, so, there is no genuine issue of material fact as to Deutsche Bank's superior lien interest.

But the parties dispute whether the running of the statute of limitations invalidated Ocwen's home equity lien.

Kingman argues that Ocwen's right to foreclose on the Property was barred by the statute of limitations set forth in Texas Civil Practice and Remedies Code § 16.035 because more than four years had passed after the time that Ocwen accelerated the loan on November 1, 2010. *See* Dkt. No. 58 at 4.

Texas Civil Practice and Remedies Code § 16.035 provides that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035. "When this four-year period expires, 'the real property lien and a power of sale to enforce the real property lien become void.'" *Cline v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-cv-1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015) (citing TEX. CIV. PRAC. & REM. CODE § 16.035; quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App. 2012, no pet.); quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). "'If the noteholder has the option to accelerate, then the date of accrual is the date that the holder exercises the option.'" *Id.* (quoting *Khan*, 371 S.W.3d at 353; citing *Wolf*, 44 S.W.3d at 566). "'While accrual is a legal question, whether a holder has accelerated a note is a fact question.'" *Id.* (quoting *Holy Cross*, 44 S.W.3d at 568).

Ocwen counters that the limitations period had not run because Ocwen timely abandoned acceleration of the debt by "sen[ding] Ihms numerous billing statements requesting payment of less than the total accelerated amount of the debt" between November 29, 2013 and May 19, 2014. Dkt. 50 at 5, 13. According to Ocwen, these actions "put[] Ihms on notice of her opportunity to cure her default." *Id.; see also Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677 (5th Cir. 2015) (holding that account statements put debtor on notice that lender had abandoned previous acceleration).

"Abandoning acceleration before the limitations period expires restores the

contract to its original condition, including the note's original maturity date." *Cline*, 2015 WL 4041791, at *5. "[I]f a noteholder abandons acceleration, it no longer must foreclose within four years from the date of acceleration." *Id.* "Texas courts and courts in this circuit have held that 'the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions.'" *Id.* (quoting *Khan*, 371 S.W.3d at 356).

Kingman argues that the billing statements did not constitute an abandonment of acceleration. *See* Dkt. No. 58 at 4.

Because Kingman concedes Deutsche Bank's superior lien interest [Dkt. No. 58], the Court should only consider the issue of whether Ocwen sending billing statements to Ihms requesting payment of less than the total accelerated amount of the debt constituted conclusive evidence of abandonment of its earlier acceleration. If it did, Deutsche Bank's interest in the Property is valid and not time-barred, and Kingman's statute of limitations defense fails.

But, as Ocwen addresses in its reply [Dkt. No. 59], this district court litigated this issue with the same underlying facts in 2016 and rejected Kingman's position that the billing statements did not constitute abandonment. *See Ihms I*, 2016 WL 4536578 at *3-*4. And, so, the undersigned recommends that the Court bar Kingman from relitigating its statute of limitations defense under the principles of issue and claim preclusion.

A.    Collateral Estoppel

Under the established principle of res judicata, "a judgment, valid on its face,

cannot, in the absence of fraud in its procurement, be collaterally attacked as to mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings even though errors and irregularities may appear on the face of the record." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (cleaned up).

Its application therefore "does not depend upon whether or not the prior judgment was right." *Id.* (cleaned up). This broad principle

> encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. True res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit, while collateral estoppel precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action.

*Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (cleaned up); *see also Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 n.3 (5th Cir. 1986) ("[R]es judicata, as the term is sometimes sweepingly used embraces both claim preclusion, or true res judicata, and collateral estoppel, or issue preclusion." (cleaned up)); *Wills v. Arizona Structures Worldwide, L.L.C.*, 824 F.3d 541, 545 n.5 (5th Cir. 2016) ("Although there is a modern tendency to conflate the two terms, they are distinct. Res judicata forecloses all that which might have been litigated previously, whereas collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." (cleaned up)).

To reiterate, regardless which of the two doctrines is invoked, "the idea is that an issue definitively settled once is forever settled as between the parties." *Langley*

*v. Prince*, 926 F.3d 145, 163-64 (5th Cir. 2019) (en banc) (cleaned up).

While Ocwen raises only "true" res judicata or claim preclusion, the undersigned also considers the narrower doctrine of collateral estoppel or issue preclusion.

"A district court may grant a motion for summary judgment on grounds not raised by the moving party, provided that the non-moving party is first given notice and a reasonable time to respond. FED. R. CIV. P. 56(f); *see St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2001); *Ross v. University of Texas*, 139 F.3d 521, 527 (5th Cir. 1998). The 14-day period for objecting to a magistrate judge's recommendation to grant a motion for summary judgment is sufficient notice under Rule 56(f)." *Grant v. Amazon.com Servs. LLC*, No. 3:22-cv-439-S-BH, 2023 WL 6278912, at *5 (N.D. Tex. Sept. 1, 2023) (cleaned up), *rec. adopted*, 2023 WL 6276735 (N.D. Tex. Sept. 26, 2023), *appeal dismissed*, No. 23-11068, 2024 WL 3755984 (5th Cir. Aug. 12, 2024); *see also Price v. Dallas Area Rapid Transportation Police Dep't*, No. 3:17-cv-2835-N, 2019 WL 3731899, at *1 (N.D. Tex. Aug. 8, 2019) ("The Court finds that the Magistrate Judge's Findings, Conclusions & Recommendation constitute adequate notice under Rule 56(f).").

Collateral estoppel "precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d

385, 397 (5th Cir. 2004) (footnotes omitted); *see also Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (per curiam) ("Issue preclusion or collateral estoppel prevents a party from litigating an issue it previously litigated and lost in another action and thus prevent[s] repetitious litigation of what is essentially the same dispute, in addition to conserving judicial resources, maintaining consistency, and avoiding oppression or harassment of the adverse party." (cleaned up)).

Ihms and Fortezza Enterprises, Inc. filed suit against Deutsche Bank in this district court in 2015 (the "Prior Lawsuit"). *See* Dkt. No. 50 at 6. They requested a declaratory judgment stating that Deutsche Bank's loan was null and void, alleging that the statute of limitations expired four years after the 2010 acceleration. *See id.* The Court granted summary judgment against Ihms and Fortezza, finding that Deutsche Bank abandoned any acceleration by subsequently sending billing statements that sought less than the full accelerated amount. *See Ihms I*, 2016 WL 4536578 at *3-*4; *see also* Dkt. No. 51 at 138-151.

Here, the parties are not identical to the Prior Lawsuit, where that case was litigated between plaintiffs Ihms and Fortezza and defendant Deutsche Bank. Ihms is a Defendant in the current suit. But, as discussed above, the Court granted a default judgment against Ihms because of her failure to appear and respond to Ocwen's complaint, allowing Ocwen to proceed with foreclosure. *See* Dkt. No. 46.

And "[c]omplete identity of parties in the two suits is not required" to establish collateral estoppel under federal law. *Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983). Instead, "[t]he federal principle of collateral estoppel precludes

re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issue, regardless of whether his present adversary was a party to the previous lawsuit." *Id.* (cleaned up). And, "[u]ltimately, a determination that privity exists represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close." *Tex. v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) (cleaned up); *see also id.* (observing that, "[f]or privity, [f]ederal courts have deemed three types of relationships sufficiently close to justify preclusion: (1) a non-party who has succeeded to a party's interest in property, (2) a non-party who controlled the original suit, and (3) a non-party whose interests were represented adequately by a party in the original suit" (cleaned up)).

Here, Ihms conveyed her interest in the Property to Bormio Investments, Inc. in 2011, which then later conveyed the Property to Fortezza. *See* Dkt. No. 1 at 4. Fortezza then defaulted on the fees owed to the Association in 2015, which led the Association to file a lien against the property and institute a foreclosure sale. *See id.* Kingman's predecessor (Northwest Highway 6255 Land Trust) bought the Property at the foreclosure sale and subsequently conveyed it to Kingman. *See* Dkt. No. 51 at 130-31, 136.

Because federal courts have deemed non-parties succeeding a party's interest in property and non-parties whose interests were adequately represented by an original party sufficiently close relationships to be in privity with the original parties, the undersigned concludes that Kingman is in privity with Ihms and Fortezza – the plaintiffs in the Prior Lawsuit.

Privity also exists between Ocwen and Deutsche Bank, the defendant in the Prior Lawsuit, because Ocwen served as Deutsche Bank's loan servicer. *See* Dkt. No. 1 at 3; *see also Davis v. Ocwen Loan Servicing LLC*, No. 3:18-cv-2720-B-BN, 2020 WL 1910137, at *5 (N.D. Tex. Jan. 27, 2020) (citing *Russell v. SunAm. Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992), and finding mortgagee and servicer are in privity), *rec. adopted*, 2020 WL 880855 (N.D. Tex. Feb. 24, 2020)).

The only disputed issue before the Court is the same issue that was litigated, decided, and the crux of the judgment in the Prior Lawsuit: whether Ocwen's sending billing statements to Ihms requesting payment of less than the total accelerated amount of the debt constituted conclusive evidence of abandonment of its earlier acceleration under Texas law. *See Ihms I*, 2016 WL 4536578 at *3-*4; *see also* Dkt. No. 51 at 143-146. And, if so, Deutsche Bank's interest in the Property is valid and not time-barred, and Kingman's statute of limitations defense fails.

In the Prior Lawsuit, as Ocwen and Kingman both acknowledge, the Court found that Ocwen's actions constituted abandonment and, so, Deutsche Bank's interest in the Property was valid and not time-barred. *See Ihms I*, 2016 WL 4536578 at *3-*4; *see also* Dkt. No. 58 at 2. The Court rejected Ihms and Fortezzas' argument – the same one that Kingman presents here – that Ocwen's billing statements did not constitute abandonment because they included language stating "[o]ur records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only." *Ihms I*, 2016 WL 4536578 at *3-*4; *see also* Dkt. No. 51 at 145-146. The Court relied on Fifth Circuit case law that deemed billing statements

identical to Ocwen's statements as "conclusive evidence of abandonment." *See id.*; *see also Leonard*, 616 F. App'x 677; *Cline*, 2015 WL 4041791, at *7 ("Deutsche Bank, through its servicer, sent multiple communications to plaintiffs clearly demanding less than the full amount of the loan. . . . The court concludes that Deutsche Bank has demonstrated beyond peradventure that it properly abandoned the January 26, 2009 acceleration through its actions, and, therefore, that the four-year limitations period under § 16.035(a) did not accrue on January 26, 2009. Accordingly, Deutsche Bank's motion for summary judgment is granted, and plaintiffs' declaratory judgment claim is dismissed with prejudice.").

Because the Court granted summary judgment for Deutsche Bank and against Ihms and Fortezza on these grounds, determining the loan acceleration abandonment issue was necessary. *See Ihms I*, 2016 WL 4536578 at *3-*4; *see also* Dkt. No. 51 at 145-146.

And, so, collateral estoppel prevents Kingman from relitigating the same issue decided by the Court in the Prior Lawsuit.

B.   <u>Res Judicata</u>

Insofar as collateral estoppel is the narrower of the two res judicata doctrines, the undersigned also concludes that true res judicata precludes Kingman from relitigating the statute of limitations defense and underlying loan acceleration abandonment issue.

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)

(cleaned up); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990).

Those rules bar

> the litigation of claims that either have been litigated or should have been raised in an earlier suit. In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (cleaned up).

The first three conditions are met here: as between the Prior Lawsuit and this action, the parties are the same or (as explained above) in privity, and the Court entered a final judgment on the merits granting defendant Deutsche Bank's motion for summary judgment and denying plaintiffs Ihms and Fortezza's motion. *See Ihms I*, 2016 WL 4536578 at *3-*4; *see also* Dkt. No. 51 at 138-151.

As to the fourth condition, courts in this circuit use "a transactional test," under which "[t]he critical issue is whether the two suits are based on the same nucleus of operative facts." *Chalmers*, 2014 WL 7174289, at *6 (cleaned up). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Kingman's statute of limitations defense and the underlying loan acceleration abandonment issue arise from the same nucleus of operative facts: Deutsche Bank's lien interest in the Property and Ocwen's billing statements. *See Ihms I*, 2016 WL

-18-

4536578 at *3-*4. On those same facts, the Court determined that the billing statements evidenced abandonment of Ocwen's earlier loan acceleration. *See id.* And, so, res judicata bars Kingman from re-litigating the issue.

To the extent that Kingman urges that the Court's prior determination was incorrect, that argument will not overcome the bar of res judicata. As the Fifth Circuit has explained,

> [t]his principle that controversies once decided shall remain in repose, known as res judicata, does not depend upon whether or not the prior judgment was right. The indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert.

*Comer v. Murphy Oil USA, Inc.*, 718 F.3d at 466 (cleaned up).

Viewing the summary judgment evidence most favorably to Kingman, the evidence establishes that Kingman is barred from relitigating the statute of limitations defense and underlying loan acceleration abandonment issue. And, so, Ocwen is entitled to summary judgment.

## Recommendation

The Court should grant Plaintiff's Amended Motion for Summary Judgment [Dkt. No. 49].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE